GROSSMAN, Appellant,

v.

CITY OF CLEVELAND HEIGHTS, Appellee.

[Cite as *Grossman v. Cleveland Hts.* (1977), 120 Ohio App.3d 435.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71411.

Decided July 7, 1997.

436

*Jack N. Grossman,* for appellant.

*Walter, Haverfield, Buescher & Chockley* and *John Gibbon;* and *Carolyn M. Downey,* Assistant Director of Law of Cleveland Heights, for appellee.

ROCCO, Judge.

Appellant appeals the trial court's entry affirming the decision of the Board of Zoning Appeals of the City of Cleveland Heights. Appellant brought his appeal in the court below pursuant to R.C. Chapter 2506. However, appellant argued, both in the court below and before this court, that the ordinance at issue is unconstitutional on its face.

Appellant failed to argue that the administrative decision was not supported by a preponderance of the reliable, probative and substantial evidence as is required when bringing an R.C. Chapter 2506 appeal. Alternatively, appellant failed to challenge the constitutionality of the ordinance as applied to his property as permitted pursuant to an R.C. Chapter 2506 appeal. Furthermore, appellant failed to bring a declaratory judgment action, which would allow appellant to challenge the constitutionality of the ordinance either on its face or as applied to appellant's property. Since appellant incorrectly attempts to argue, via an R.C. Chapter 2506 appeal, that the relevant ordinance is unconstitutional on its face, this appeal is dismissed.

Appellant purchased a parcel of residential property located at 1676–1678 Glenmont Road, Cleveland Heights, Ohio, on June 1, 1990. At the time of the purchase, appellant received a point-of-sale violation list with approximately one hundred forty violations. Appellant repaired those violations.

Appellant was subsequently cited in March 1994 for additional violations. The violation at issue in the action *sub judice* is a violation of Section 1351.29 of the Codified Ordinances of the City of Cleveland Heights, Ohio. The citation reads:

"26. Remove nonapproved paved/gravel area and properly landscape in rear yard.—(UNSATISFACTORY)"

Section 1351.29 provides:

"(a) *Exterior Property Areas.* No owner, agent or occupant of any premises shall maintain or permit to be maintained at or on the exterior property areas of such premises any condition which deteriorates or debases the appearance of the neighborhood; or reduces property values in the neighborhood; or creates a fire, safety or health hazard; or which is a public nuisance * * * ."

Section 1121.12(d) of the Zoning Code for the City of Cleveland Heights Zoning Code further provides:

"(d) *Maximum Area and Rear Yard Coverage of Accessory Uses.* The percent of rear yard covered by accessory uses, buildings and structures (limited to those permitted in Sections 1121.05 and 1121.12) and the maximum floor area of such accessory use, building or structure, shall not be greater than as set forth in Section 1121.12(d). The area of building, structure or pavement shall be the maximum area of land on which, or above which, such building, structure or pavement is constructed. The percentage shall be the area of building, structure and/or pavement in ration to the area of the rear yard. However, in no case shall an accessory use, building or structure exceed the maximum set forth in Schedule 1121.12(d)."

The maximum provided in Schedule 1121.12(d) is sixty percent. Thus, appellant is restricted to rear yard coverage of sixty percent for accessory uses.

Appellant filed an application to the Board of Zoning Appeals of the City of Cleveland Heights (the "BZA") seeking a variance for the property. The BZA held a public hearing on the matter on September 20, 1995. Appellant's request for the variance was denied. Appellant subsequently appealed the denial of the variance, pursuant to R.C. Chapter 2506, to the court of common pleas.

R.C. 2506.04 provides the appropriate standard which a court of common pleas must apply when reviewing a decision of an administrative agency. The common pleas court is required to weigh the evidence in the record, and whatever additional evidence is admitted pursuant to R.C. 2506.03, to determine whether a preponderance of the reliable, probative, and substantial evidence exists to support the agency's decision. *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 201–202, 389 N.E.2d 1113, 1116–1117. Although appellant filed this action as an appeal of the BZA's decision denying

his request for a variance, appellant failed to argue in his brief to the trial court that the BZA's decision was unsupported by a preponderance of the reliable, probative, and substantial evidence.

Appellant instead argued that the ordinance at issue in this action is unconstitutional on its face. The trial court issued an order affirming the decision of the BZA, thereby denying appellant his requested variance without addressing appellant's contentions regarding the constitutionality of the ordinance. On appeal to this court, appellant again fails to argue against the BZA's decision, arguing only that the ordinance is unconstitutional on its face.

Appellant's assignments of error will be considered together. They state:

"I. The Cleveland Heights ordinance is based on aesthetic considerations and is therefore unconstitutional.

"II. The appellee's ordinance is unconstitutional as it violates the void for vagueness doctrine."

Thus, appellant contends, that the ordinance at issue in this matter is unconstitutional on its face.

■ The appropriate method with which to challenge the constitutionality of an ordinance is confusing to litigants and courts alike. This court believes it is timely to reread Judge Krenzler's concurring opinion in *SMC, Inc. v. Laudi* (1975), 44 Ohio App.2d 325, 328, 73 O.O.2d 378, 380, 338 N.E.2d 547, 550.

■ It is undisputed that a declaratory judgment action is available to raise the issue of the constitutionality of a zoning ordinance. *Id.* at 328, 73 O.O.2d at 380, 338 N.E.2d at 550, citing *Kaufman v. Newburgh Hts.* (1971), 26 Ohio St.2d 217, 55 O.O.2d 462, 271 N.E.2d 280; *Burt Realty Corp. v. Columbus* (1970), 21 Ohio St.2d 265, 50 O.O.2d 491, 257 N.E.2d 355. The *SMC* court was presented with a challenge to the constitutionality of an ordinance as applied to a particular parcel brought pursuant to R.C. Chapter 2506. After examining the pronouncements by the Ohio Supreme Court in *State ex rel. Sibarco Corp. v. Berea* (1966), 7 Ohio St.2d 85, 36 O.O.2d 75, 218 N.E.2d 428; and *Mobil Oil Corp. v. Rocky River* (1974), 38 Ohio St.2d 23, 67 O.O.2d 38, 309 N.E.2d 900, the court determined that a litigant should not be required to separately file an appeal of the administrative decision and a declaratory judgment challenging the constitutionality as applied of the ordinance at issue. *SMC, Inc. v. Laudi, supra,* 44 Ohio App.2d at 328, 73 O.O.2d at 380, 338 N.E.2d at 550.

■ The *SMC* court reasoned that issues over which a board of zoning appeals has jurisdiction are often intertwined with issues of constitutionality. The majority believed that permitting a litigant to use an R.C. Chapter 2506 appeal to address the issue of the constitutionality of a zoning ordinance as

applied would expedite zoning litigation. An administrative agency does not have the authority to determine the issue of constitutionality. *SMC, Inc. v. Laudi, id.* at 330, 73 O.O.2d at 381–382, 338 N.E.2d at 551. Therefore, the constitutionality of zoning restrictions must be tried *de novo* by the common pleas court. *Id.* at paragraph three of the syllabus.

The R.C. Chapter 2506 appeal claims that a prohibition against a specific proposed use is unconstitutional. *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 16, 526 N.E.2d 1350, 1354–1355. In other words, it claims that that the ordinance is unconstitutional when applied to the specific property at issue. The duty of the trial court is to determine whether the prohibition has any reasonable relationship to the municipality's legitimate exercise of police power. *Id.* In contrast, the declaratory judgment action challenges the constitutionality of an existing ordinance *per se.* *Id.* That is, the declaratory judgment addresses the ordinance more broadly, challenging the constitutionality of the ordinance on its face.

"The distinction between the two actions is important because in an R.C. Chapter 2506 appeal, the trial court need not make an objective determination of the overall constitutionality of a zoning ordinance. It will view the constitutional issue only in light of the proposed specific use. If the court finds the restriction against the proposed use valid, its inquiry ends. In making such a limited determination, it is possible that the existing zoning could be unconstitutional, but the zoning would not be declared unconstitutional because the prohibition against the specific proposed use is valid. See, generally, *Central Motors Corp. v. Pepper Pike* (1979), 63 Ohio App.2d 34, 13 O.O.3d 347, 409 N.E.2d 258; *Flair Corp. v. Brecksville* (1976), 49 Ohio App.2d 77, 3 O.O.3d 146, 359 N.E.2d 459." *Id.*

This divergence between the trial court's duties in a constitutional challenge brought pursuant to an R.C. Chapter 2506 appeal and in one brought in the form of a declaratory judgment action is cause for confusion in the trial court.[1]

A declaratory judgment action is an independent action as defined in R.C. Chapter 2721, and its use is not limited to cases where there is no other remedy available.[2] *Id.,* citing *Schaefer v. First Natl. Bank* (1938), 134 Ohio St.

---

1. This court believes that the confusion between an R.C. Chapter 2506 appeal and a declaratory judgment action for challenging the constitutionality of an ordinance can be alleviated if a declaratory judgment action is determined to be the exclusive method for bringing a constitutional challenge, whether attacking the ordinance on its face or as applied. See *SMC, Inc. v. Laudi,* 44 Ohio App.2d at 331–334, 73 O.O.2d at 382–384, 338 N.E.2d at 551–554, Krenzler, P.J., concurring.

2. A declaratory action, however, may not be brought where an exclusive statutory remedy exists. See *SMC, Inc. v. Laudi,* 44 Ohio App.2d at 332, 73 O.O.2d at 382–383, 338 N.E.2d at 552–553.

511, 13 O.O. 129, 18 N.E.2d 263; Civ.R. 57; see, also, *Jones v. Chagrin Falls* (1997), 77 Ohio St.3d 456, 674 N.E.2d 1388. R.C. 2721.02 provides that a declaratory judgment action allows the court to "declare rights, status, and other legal relations, whether or not further relief is or could be claimed." A declaratory judgment action permits the determination of *either* whether an ordinance as a whole is constitutional or, more narrowly, whether the ordinance as applied to the specified use is constitutional. *Cent. Motors Corp. v. Pepper Pike* (1979), 63 Ohio App.2d 34, 13 O.O.3d 347, 409 N.E.2d 258, paragraph 3 of the syllabus.

This court has previously reminded the trial court of the distinction between a constitutional challenge brought pursuant to R.C. Chapter 2506 and one brought pursuant to a declaratory judgment action. *Metro–Petroleum, Inc. v. Warrensville Hts.* (Sept. 24, 1992), Cuyahoga Cty. App. No. 61164, unreported, 1992 WL 238887. The court stated:

"The [R.C. Chapter 2506 appeal] only declares the application of a zoning ordinance unconstitutional and does not, therefore, affect the ordinance's overall constitutionality. A declaratory judgment relief action, however, adjudicates the overall validity of the ordinance." *Id., citing Karches, supra,* 38 Ohio St.3d at 16, 526 N.E.2d at 1354–1355.

Thus, appellant had three options with which to challenge appellee:

1. Appellant could have filed an R.C. Chapter 2506 appeal, challenging the BZA's denial of his request for a variance on the grounds it was not supported by a preponderance of the reliable, probative and substantial evidence.

2. Appellant could have challenged the constitutionality of the ordinance as applied to his specific property per R.C. Chapter 2506.

3. Appellant could have filed a declaratory judgment action contesting the constitutionality of the ordinance on its face.

Appellant did none of the above.

Appellant appealed from the order of the trial court which affirmed the decision of the BZA. Yet appellant's two assignments of error challenge the constitutionality of the ordinance on its face. In an R.C. Chapter 2506 appeal, this is improper.

Appellant's assignments of error are inappropriate in an appeal brought pursuant to R.C. Chapter 2506. Therefore, his appeal must be dismissed.

*Appeal dismissed.*

MATIA, P.J., and DYKE, J., concur.