DECISION AND JUDGMENT ENTRY
This is an administrative appeal brought pursuant to R.C. Chapter 2506. Appellant, Chong Chon Kim, appeals the denial of his application to renew his license for the operation of a massage parlor, as affirmed by the Lucas County Court of Common Pleas. Appellant contends that the following errors occurred in the proceedings below:
 "THE COURT ABUSED ITS DISCRETION BY SUSTAINING FACTUAL DETERMINATIONS WHICH WERE NOT BASED UPON EVIDENCE ADDUCED UPON THE RECORD."
 "THE DETERMINATION BY THE REVIEWING COURT THAT THE DECISION OF THE BOARD OF APPEALS WAS NOT ARBITRARY, UNREASONABLE OR ILLEGAL WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 "THE OPERATION OF THE ORDINANCE IS UNCONSTITUTIONAL AND DEPRIVES APPELLANT OF EQUAL PROTECTION OF THE LAW."
 "THE RECORD DOES NOT SUPPORT THE CONCLUSION THAT A ZONING VIOLATION EXISTS AND THE BOARD OF APPEALS IS NOT AUTHORIZED TO DETERMINE ZONING VIOLATIONS."
On April 16, 1998, appellant applied, pursuant to Toledo Municipal Code Chapter 1735, for a license to operate a massage establishment on property that he leased at 5801 Telegraph Road in the city of Toledo, Lucas County, Ohio. Pursuant to Toledo Municipal Code 1735.05(a)and (b), the Director of Finance is required to refer the question of licensure to the Department of Health and Divisions of Inspection, Police and Fire Prevention for investigation. A license cannot be issued if one or more of these divisions and/or department determines noncompliance with, among other things, the "building, health, planning, housing, zoning, fire and criminal codes" of the city of Toledo. Toledo Municipal Code 1735.05(c)(1). After the respective department/divisions submitted favorable reports to the Director of Finance, the Division of Taxation and Finance, as part of the Department of Finance, issued the requested license to appellant on June 3, 1998.
Because the license year for massage establishments runs from October 1 through September 30, the license was issued for 1997. Therefore, appellant was required to renew the license before October 1, 1998. Appellant filed his application, pursuant Toledo Municipal Code 1735.10, to renew the license on September 3, 1998. R.C. 1735.10(a) provides that an application for the renewal of a license for a massage establishment "shall be filed as provided in Section 1735.04." Additionally, Toledo Municipal Code 1735.04(a), mandates that an application seeking renewal of a license to operate a massage establishment must be made pursuant to Chapter 1735. Thus, the Director of Finance was again required to refer the matter for investigation. Upon investigation, both the building inspector and the Division of Police reported that appellant's massage establishment was in violation of Toledo's zoning ordinance, specifically, Toledo Municipal Code 1131.01(w)(1)(B). This section of the Planning and Zoning Code prohibits establishment of, inter alia, a "massage parlor" within a one thousand foot radius of another existing "adult entertainment" use, "as measured by the radius from the location of the adult entertainment use." In this case, the adult entertainment use is an "adult entertainment cabaret," as defined in Toledo Municipal Code 1131.01(w)(2)(D).
Based on these reports, the Director of Finance denied appellant's application for a renewal of his license. The letter denying the application states, in pertinent part:
 "[T]he location of your business is within 1000 feet of a previously existing adult entertainment facility, namely, the Flamingo Cabaret at 5801 Telegraph Rd. #21-24, and is therefore in direct violation of Toledo Municipal Code Section 1131.01(w)(1)(B). * * * This zoning conflict should have been noted, and your application denied, when you initially applied for a massage establishment license in April of this year. However, since this situation has now come to light, your current application must be denied."
Appellant appealed the denial of his application to the Massage License Board of Review ("Board").
At the hearing before the Board, Rody Grey, Chief Building Inspector for the city of Toledo, admitted that no zoning violation was noted in April 1998. However, Grey performed the inspection in September 1998. He concluded that appellant's massage establishment violated Toledo Municipal Code 1131.01(w)(1)(B) because it was located approximately three feet from an already existing adult entertainment use, to wit, the Flamingo Cabaret. On cross-examination, trial counsel asked Grey whether the distance between appellant's proposed massage establishment and the Flamingo Cabaret was the same in April 1998 as it was in September 1998. Grey answered, "Yes, sir."
On December 1, 1998, the Board upheld the denial of appellant's 1998 massage license application. He then appealed this decision to the court of common pleas, naming appellees, Larry J. Vasko, Acting Director of the Department of Health and Environment, who signed the decision upholding the denial; and the city of Toledo Department of Law as defendants. Based on the administrative record and the merit briefs of the parties, the common pleas court determined that the decision of the Board was "supported by a preponderance of substantial, reliable and probative evidence."
Prior to any discussion of appellant's assignments of error, it is incumbent on this court to set forth the proper standard of review in an administrative appeal brought pursuant to R.C. Chapter 2506.
R.C. 2506.01 provides for the appeal of a final decision of an administrative body to the common pleas court. The standard is "hybrid" because R.C. 2506.04 directs the court of common pleas to resolve both questions of law, for example, constitutional issues, and questions of fact. Harvey v.Cincinnati Civil Serv. Comm. (1985), 27 Ohio App.3d 304, 306. Under R.C. 2506.04, "the court applies the law to the evidence that was presented to the administrative agency, but acts as a finder of fact in regard to the new evidence; then, reviewing the entire record, the court determines whether the agency's decision was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence." R.C. 2506.04. Thus, a common pleas court "should not substitute its judgment for that of an administrative board * * * unless there is not a preponderance of reliable, probative and substantial evidence to support the board's decision." Kisil v. Sandusky (1984), 12 Ohio St.3d 30,34. In addition, the decision of the administrative board is presumed to be valid and the burden of showing its invalidity rests on the contesting party. Consolidated Mgt., Inc. v.Cleveland (1983), 6 Ohio St.3d 238, 240.
Our standard of review on appeal in this case is limited by R.C. 2506.04 which provides that only questions of law may be appealed to this court. Therefore, the judgment of the lower court will be affirmed unless we find, "* * * as a matter oflaw, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." (Emphasis added.) Kisil v. Sandusky, 12 Ohio St.3d at 34.
Keeping this standard in mind, we now turn to appellant's assignments of error. In his first assignment of error, appellant asserts that no factual evidence was adduced to support the Board's determination that appellant's 1997 license was "erroneously granted." In particular, appellant maintains that no evidence was offered to demonstrate that the Flamingo Cabaret existed at its present site in April 1998. Therefore, appellant states that the "conclusion is inescapable that the Flamingo Cabaret opened after the Appellant's massage parlor."
As he did in the proceedings below, appellant is attempting to cloud the dispositive issue in this case. At this level, that issue is whether, as a matter of law, the decision of the common pleas court to uphold the denial of appellant's application for renewal of his license is supported by a preponderance of reliable, probative and substantial evidence. Based on the evidence adduced at the Board hearing, appellees demonstrated that appellant's massage establishment was well within one thousand feet of an existing adult entertainment use and was thus in violation of R.C. 1131.01(w)(1)(B). Furthermore, Rody Grey testified that the distance between the proposed adult entertainment use and the Flamingo Cabaret was the same in April 1998. From this, one can infer that the Flamingo Cabaret existed at that point in time. Accordingly, the finding that appellant's first application for a license was erroneously granted is not in error, and his contentions in this regard must fail. Therefore, appellant's first assignment of error is found not well-taken.
Appellant's second assignment of error alleges that the judgment of the common pleas court is against the manifest weight of the evidence. We must first state that manifest weight is not our standard of review of an administrative appeal brought pursuant to R.C. Chapter 2506. The proper standard is set forth above.
It is difficult to determine what appellant is arguing in the second assignment of error. Basically, the arguments are a reiteration of the contentions in the first assignment of error. For the same reasons as stated infra, we find that the arguments concerning the issuance of appellant's first license and the existence of the Flamingo Cabaret are without merit.
However, appellant seems to offer two other assertions. First, he appears to conclude that in the event that some other form of adult entertainment not needing a license opened within one thousand feet of an existing licensed massage establishment, the massage establishment owner would be denied the renewal of his license. A reading of Toledo Municipal Code 1131.01(w)(1) reveals that the same distance requirements apply to all adult entertainment uses, including an adult entertainment cabaret. Thus, under Toledo Municipal Code 1131.01(w)(1)(B), an adult entertainment cabaret or adult bookstore could not open a place of business within one thousand feet of an existing licensed massage establishment.
Second, appellant maintains that: "The Board found that the renewal section, TMC 1735.10, does not apply in determining whether a license should be issued." This is a misstatement of the Board's finding. In its decision, the Board noted that appellant argued that only Toledo Municipal Code 1375.10 is applicable to the renewal of a license. The Board then cited to Toledo Municipal Code 1375.10 as stating that Toledo Municipal Code 1375.04 governed the process used in determining whether a license for the operation of a massage establishment should be renewed. Because the Board's determination comports with the applicable law, we find no error and appellant's second assignment of error is found not well-taken.
We shall address appellant's fourth assignment of error prior to a consideration of the constitutional arguments in his third assignment of error. To the extent that appellant's arguments simply repeat those set forth in his first and second assignments of error, we again find these arguments are merit less.
Appellant also asserts that because the Board based its decision on a violation of a zoning ordinance, it was required to entertain evidence of the reasonableness of the property's use. He concludes that this particular Board was not convened or empowered to do so. Appellant fails to cite to any law supporting this assertion. This case does not involve an application filed under Toledo's zoning and planning ordinance for a variance or special use permit. The zoning ordinance in question is simply one of the mandates that must be met before a license to operate a massage establishment can be issued. Consequently, we find that under the relevant sections of the Toledo Municipal Code, the Board and the Director of Finance have the authority to determine whether that requirement is satisfied and that the reasonableness of the use of the property is not material to this determination. Accordingly, appellant's fourth assignment of error is found not well-taken.
Appellant's stated third assignment of error asserts that Toledo Municipal Code 1735.05 and 1131.01(w)(1)(B), when read together, violate the Equal Protection Clauses of the United States and Ohio Constitutions. However, appellant also sets forth the standard for determining when a zoning ordinance is unconstitutional and applies that standard to Toledo Municipal Code 1131.01(w)(1)(B). In addition, appellant contends that application of Toledo Municipal Code 1131.01(w)(1)(B) constitutes a taking of his property without compensation and due process of law.
While this is not, in a strict sense, a zoning appeal, Toledo Municipal Code 1131.01(w)(1)(B)is an integral part of the licensing process, and we shall therefore consider appellant's two arguments related to the issue of zoning first.
In an appeal made pursuant to R.C. Chapter 2506, a reviewing court is limited to determining the constitutionality of a zoning regulation only in light of a specific proposed use.Karches v. Cincinnati(1988), 38 Ohio St.3d 12, 15-16; Napier v.Middletown (Dec. 14, 1998), Butler App. No. CA98-06-128, unreported. In other words, in the absence of a concomitant declaratory judgment action, the reviewing court cannot address arguments facially attacking the constitutionality of the regulation. Id.; Grossman v. City of Cleveland Heights (1997),120 Ohio App.3d 435, 440-441. Appellant did not file a declaratory judgment action in the trial court. As a result, both the trial court and this court are limited to a determination of whether Toledo Municipal Code 1131.01(w)(1)(B), in proscribing a land owner's proposed use of his land, is:
 "* * * clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community. The burden of proof remains with the party challenging an ordinance's constitutionality, and the standard of proof remains beyond fair debate." Goldberg Cos., Inc. v. Council of Richmond Hts. (1998), 81 Ohio St.3d 207, 214.
As applied to the case under consideration, the con trolling law subjects businesses offering adult entertainment to valid time, place and manner restrictions. Renton v. PlaytimeTheatres, Inc. (1986), 475 U.S. 41. Here, appellant failed to offer any evidence showing that the place restriction in the disputed zoning ordinance were, as applied to his use, clearly arbitrary or unreasonable or lacked a substantial relation to the public health, safety, morals or general welfare of the city of Toledo. He does assert that, based on facts outside the record, certain adult entertainment establishments exist virtually side-by-side rendering Toledo Municipal Code 1131.01(w)(1)(B) "ineffectual." We, however, cannot base our decision on facts outside the record. See App.R. 9; State v. Ishmail (1978),54 Ohio St.2d 402, paragraph one of the syllabus.
As to the "taking" of appellant's leased property, a taking occurs only where the application of a zoning ordinance infringes on the landowner's rights to the point that there is no remaining use of the land that is economically viable. Id. at 210. Again, appellant failed to present evidence that, other than use as a massage establishment, the leased premises had no economically viable use.
Finally, appellant maintains that Toledo Municipal Code 1735.05(c)(1) and 1131.01(w)(1)(B), taken together, violate equal protection under the law as guaranteed by the United States and Ohio Constitutions[1]. The basis of this allegation is the claim that an "unlicensed" massage establishment existing before the effective date of Toledo Municipal Code 1131.01(w)(1)(B), that is, January 7, 1997, can be within one thousand feet of another adult entertainment facility. We read this contention as asserting that the ordinances in question are facially unconstitutional. Thus, pursuant to Karches and its progeny, both the common pleas court and this court cannot consider appellant's contention.
Furthermore, as quoted by the Ohio Supreme Court inHarsco Corp. v. Tracy (1999), 86 Ohio St.3d 189, 192:
 "`The Equal Protection Clause of the Fourteenth Amendment, § 1, commands that no State shall `"deny to any person within its jurisdiction the equal protection of the laws."' Of course, most laws differentiate in some fashion between classes of persons. The Equal Protection Clause does not forbid classifications. It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike.' F.S. Royster Guano Co. v. Virginia, 253 U.S. 412, 415 [40 S.Ct. 560, 561, 64 L.Ed. 989, 990-991] (1920)."
Unless the legislative body that enacted a statute or ordinance expresses an opposite intent, that statute or ordinance is prospective in application only. Van Fossen v. Babcock WilcoxCo. (1988), 36 Ohio St.3d 100, paragraph two of the syllabus. See, also, Nease v. Medical College Hosp. (1992), 64 Ohio St.3d 396,399. In the present case, Toledo Municipal Code 1131.01(w) (1)(B) expresses no intent that it must be applied retrospectively. Thus, those adult entertainment businesses established before the effective date of Toledo Municipal Code 1131.01(w)(1) (B) are not subject to the application of the ordinance. Appellant's business was established after the effective date of the ordinance and is subject to the ordinance. Therefore, appellant asks this court to compare two different classes, that is, the classes are not in all relevant aspects alike. Because appellant failed to demonstrate that the ordinance is facially unconstitutional under Equal Protection Clauses of the Constitutions of the United States and Ohio with regard to massage establishments licensed after January 7, 1997, his arguments as to this constitutional issue must fail.
Moreover, and assuming that appellant asserts that even though the ordinance is fair and impartial on its face, it is applied in a manner that improperly discriminates between similarly situated persons, divergent application of the law does not automatically violate the equal protection guarantee. Rather, in this situation, there is no denial of equal protection unless an element of intentional or purposeful discrimination is shown.Snowden v. Hughes (1944), 321 U.S. 1; Cahill v. Lewisburg (1992),79 Ohio App.3d 109, 116. Appellant failed to offer any element of intentional or purposeful discrimination.
For all of the foregoing reasons, appellant's constitutional arguments must fail. Accordingly, his third assignment of error is found not well-taken.
On consideration whereof, this court finds that, as a matter of law, the decision of the Lucas County Court of Common Pleas is supported by a preponderance of reliable, probative and substantial evidence, and the judgment of that court is affirmed. We further order that the stay imposed by the trial court be dissolved thirty days after the date our decision is released. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ MELVIN L. RESNICK, J.
RICHARD W. KNEPPER, P.J., MARK L. PIETRYKOWSKI, J., CONCUR.
[1] The standard for determining if a statute or ordinance violates equal protection is essentially the same under the state and federal constitutions. State v. Thompkins (1996), 75 Ohio St.3d 558,561.