JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the court of common pleas and the briefs.
Appellant, T.T.R. Media, L.L.C., appeals from the judgment of the Cuyahoga County Court of Common Pleas, which affirmed the decision of appellee, Village of Bratenahl Board of Zoning Appeals ("BZA"), to deny appellant's request for a use variance.
In September of 1998, T.T.R. Media notified the Bratenahl Planning Commission of its desire to erect an illuminated billboard for commercial off-site advertising in the Village's Office, Research and Distribution District ("O District"). Bill Holsman, the owner of 12655 Coit Road, had given T.T.R. Media permission to seek the requisite permits to erect a billboard on his property, which borders Interstate 90. The Bratenahl Planning Commission refused to issue a permit for the erection of a billboard, and T.T.R. Media filed for a use variance from the application of the following Bratenahl zoning ordinances:
Section 1111.14 SIGNS
 (b) "Business sign" means a sign which identifies and provides information on the location and use of facilities in an O or NC District, which sign may be permitted only as an accessory use located on such premises. Signs which are not accessory uses, such as billboards, or other signs advertising products, accommodations, services or activities not offered or conducted on the lot in which the sign is located, are not permitted.
Section 1159.04 SIGNS
 Each development shall have not more than two signs. No sign shall exceed 100 square feet in area inside its perimeter, unless a larger area is approved by the Planning Commission as a part of the development plan. Each sign shall be an integral part of the design of the building, located below the level of the roof, and limited to a statement of the name of the company or companies and divisions thereof occupying the premises. The design shall be submitted with the plans of the building and approved by the Planning Commission. No exterior spotlighting or other illumination, as will be an annoyance to inhabitants in residential districts, is permitted. Necessary safety lighting of road and buildings and necessary direction signs are permitted.
Commencing on April 12, 2000, the BZA held public hearings on T.T.R. Media's request for a variance. On June 27, 2000, the BZA voted to deny the variance request. T.T.R. Media timely appealed the BZA's decision to the Cuyahoga County Court of Common Pleas pursuant to R.C. Chapter 2506. In its appeal, T.T.R. Media argued that Bratenahl's sign ordinance violates the First and Fourteenth Amendments because it attempts to ban billboards based upon their content. On February 8, 2000, the court of common pleas affirmed the BZA's decision. From the court's judgment, T.T.R. Media assigns the following error:
 BRATENAHL VILLAGE ZONING ORDINANCE BANS ALL OFF PREMISE ADVERTISING. THE ORDINANCE VIOLATES THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 11, ARTICLE I OF THE OHIO CONSTITUTION.
In its sole assignment of error, T.T.R. Media argues that Section1111.14 of the Bratenahl Zoning Code is unconstitutional on its face because it impermissibly bans commercial signs because of their content. T.T.R. Media asserts that the zoning ordinance cannot pass constitutional muster because it regulates protected speech by only permitting signs that provide information on the location and use of facilities in an O or NC District. It relies on Norton Outdoor Advertising, Inc. V. Village ofNorton (1982), 69 Ohio St.2d 539, syllabus, which provides:
 1. When an ordinance, on its face, regulates the content of protected speech, the presumption of validity traditionally accompanying local government's exercise of its police power must fail.
 2. An ordinance which restricts billboard advertising to the product sold or business conducted on the premises, thereby excluding all non-commercial messages, is an unconstitutional infringement on the content of protected speech.
 3. If the communication is neither misleading nor related to unlawful activity, local government must assert a substantial interest to be achieved by a restriction on commercial speech.
We do not need to address the constitutionality of Section 1111.14 of the Bratenahl Zoning Code because an administrative appeal under R.C. Chapter 2506 is not the proper vehicle for attacking the constitutionality of a zoning ordinance on its face. Grossman v.Cleveland Heights (1997), 120 Ohio App.3d 435, 698 N.E.2d 76. InGrossman, this court dismissed an appeal from the decision of the court of common pleas that affirmed a decision of the BZA because the property owner's appeal merely argued that the zoning ordinance was unconstitutional on its face. We stated:
 * * * [A]ppellant had three options with which to challenge [the BZA]:
 1. Appellant could have filed a R.C. Chapter 2506 appeal, challenging the BZA's denial of his request for a variance on the grounds it was not supported by a preponderance of the reliable, probative, and substantial evidence.
 2. Appellant could have challenged the constitutionality of the ordinance as applied to his specific property per R.C. Chapter 2506.
 3. Appellant could have filed a declaratory judgment action contesting the constitutionality of the ordinance on its face. Appellant did none of the above.
 Appellant appealed from the order of the trial court which affirmed the decision of the BZA. Yet appellant's two assignments of error challenge the constitutionality of the ordinance on its face. In a R.C. 2506 appeal, this is improper.
T.T.R. Media did not argue that the BZA's denial of his request for a variance was not supported by a preponderance of reliable, probative, and substantial evidence or that Section 1111.14 of the Bratenahl Zoning Code is unconstitutional as it is applied to its specific property. T.T.R. Media also did not file a declaratory judgment action contesting the constitutionality of the ordinance on its face. Because T.T.R. Media's appeal only argues that Section 1111.14 is unconstitutional on its face, we have no choice but to dismiss its appeal.
Appeal dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., AND ANNE L. KILBANE, J., CONCUR.