OPINION
Plaintiff-appellant, Joseph Airport Toyota, Inc. ("Joseph"), appeals the judgment of the Montgomery County Court of Common Pleas dismissing its complaint for a declaratory judgment against defendant-appellee, City of Vandalia. For the following reasons, we reverse the trial court's judgment and remand the cause for further proceedings.
The issue in this case is whether owner of a parcel of real estate has standing to bring a declaratory judgment action challenging the constitutionality of a municipal ordinance that rezones an adjoining parcel of real property when the plaintiff alleges that the ordinance adversely affects the value of the real property adjacent to the parcel that has been rezoned. For the reasons that follow, we answer this narrow legal question in the affirmative.
On March 22, 2000, Joseph filed a complaint for declaratory judgment alleging, inter alia, that it owned a parcel of real estate within the Airport Corporate Center Subdivision. Joseph alleged that Vandalia had rezoned a contiguous parcel in the subdivision from O/IP, "Office /Industrial Park District" to B2, "Highway Business District." Joseph further alleged that it had an interest in the subject of the zoning ordinance because its real estate had been reduced in value by the rezoning of the contiguous parcel. Joseph averred that it had purchased its parcel in the Airport Corporate Center Subdivision and had located its business there based upon the zoning then in effect for the adjacent parcels. In its complaint, Joseph sought a declaration that the ordinance rezoning the parcel was invalid and unconstitutional.
On April 7, 2000, Vandalia answered the complaint and raised as a defense the claim that Joseph lacked standing to bring its action. The matter was referred to a magistrate, and the magistrate ruled that, while Joseph had an interest in the rezoning of the parcel, its interest was insufficient to confer standing in a declaratory judgment action. The trial court denied Joseph's objections and adopted the decision of the magistrate. Joseph appealed, arguing in a single assignment of error that the trial court erred in holding that it lacked standing to bring a declaratory judgment action challenging the validity and constitutionality of Vandalia's zoning ordinance. We find the assignment to be persuasive.
There are three options available to an aggrieved party to challenge a zoning ordinance or resolution. The owner may file a R.C. Chapter 2506 appeal challenging the evidence supporting the zoning determination. The second option is to challenge the constitutionality of the ordinance as applied to the property. The third option, and the option relevant to this appeal, is to file a declaratory judgment action challenging the constitutionality of the ordinance on its face.[1]
R.C. 2721.03, confers standing on "any person * * * whose rights, status, or other legal relations are affected * * * by * * * a municipal ordinance" to bring a declaratory action challenging the validity of the ordinance. By the terms of the statute itself, its provisions "are remedial and shall be liberally construed and administered."[2] The Supreme Court of Ohio has stated that "persons whose property rights are directly affected by a statute or ordinance are * * * entitled to obtain a declaratory determination as to the validity of the statute or ordinance."[3] Similarly, the Court has stated that an assertion that a party "is affected by, or materially interested in, a statute or ordinance, and that he has a justiciable cause concerning such law" is sufficient to confer standing."[4]
Long-standing precedent reveals the tendency of courts to liberally apply standing rules in cases involving adjacent landowners. In Clifton Hills Realty Co. v. Cincinnati,[5] the plaintiff and defendant, Clifton Development Company, owned separate parcels of property that had been zoned since 1923 to permit only single, two family, and four family residences. In 1936, the city passed an amended zoning ordinance rezoning Clifton Development's property to permit the construction of multi-family residences, prompting the plaintiff to file a declaratory judgment action challenging the validity of the ordinance.[6] In holding that the plaintiff had standing to challenge the ordinance, the Hamilton County Court of Appeals stated, "[w]hat we hold is that the amended petition shows a threatened violation of the plaintiff's property rights on the part of The Clifton Development Company and the individual defendants resulting from the disregard of the provisions of the lawful ordinance in reliance upon the later ordinance, which is of no force and effect if the allegations of the amended petition are true."[7]
More recently, the Supreme Court of Ohio ruled that an adjacent property owner had standing to challenge the issuance of a zoning certificate by bringing an R.C. Chapter 2506 appeal to the township board of zoning appeals.[8] In Midwest Fireworks, a township zoning inspector issued Midwest a zoning certificate permitting it to rebuild its fireworks factory that had been destroyed by a fire.[9] Carver, the owner of the property directly across a two-lane highway from Midwest's property, appealed to the board of zoning appeals, which ruled in Carver's favor and revoked the certificate.[10] Midwest then appealed to the court of common pleas, which affirmed the decision of the board.[11]
But the Court of Appeals reversed, reasoning that Carver did not demonstrate that allowing Midwest to rebuild would affect Carver's personal, pecuniary or property rights.[12] Therefore, Carver was not a person aggrieved by the issuance of the certificate, and he lacked standing to appeal to the board.
In reversing the decision of the appellate court, the Supreme Court observed that the risks inherent in Midwest's business created a real and serious threat to person and property.[13] Accordingly, the court held that Carver was an aggrieved person within the meaning of R.C. 519.15 and thus had standing to appeal the township's granting of the building certificate.[14] Although we recognize that Midwest Fireworks concerned an administrative appeal as opposed to a declaratory judgment action, either procedural vehicle is an appropriate means to challenge a zoning resolution. As such, we find Midwest Fireworks to be instructive in the case at bar.
In the instant case, as was the case in Clifton Hills Realty Co. and Midwest Fireworks Mfg. Co., the plaintiff has alleged that its property rights would be adversely affected by the ordinance in question. Joseph has averred that the ordinance re-zoning the adjacent property reduced the value of its own property. Under the above-cited authority, the allegations in Joseph's complaint were sufficient to confer standing. We therefore hold that the trial court erred when it dismissed Joseph's complaint for lack of standing. Accordingly, we sustain Joseph's assignment of error. The judgment of the court of common pleas is reversed, and this cause is remanded for further proceedings consistent with this opinion and law.
BROGAN and FAIN, JJ., concur.
(Hon. Lee H. Hildebrandt, Jr., of the Court of Appeals, First Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
[1] Grossman v. Cleveland Heights (1997), 120 Ohio App.3d 435, 437,698 N.E.2d 76, 77.
[2] R.C. 2721.13.
[3] Wilson v. Cincinnati (1960), 171 Ohio St. 104,108, 168 N.E.2d 147,149, quoting 174 A.L.R. 561, Section 8.
[4] Pack v. Cleveland (1982), 1 Ohio St.3d 129, 131, 438 N.E.2d 434,437.
[5] (1938), 60 Ohio App. 443, 445, 21 N.E.2d 993, 995.
[6] Id. at 447, 21 N.E.2d at 996.
[7] Id. at 453, 21 N.E.2d at 999.
[8] Midwest Fireworks Mfg. Co. Inc. v. Deerfield Twp. Bd. of Zoning Appeals (2001), 91 Ohio St.3d 174, 743 N.E.2d 894.
[9] Id. at 175, 743 N.E.2d at 896.
[10] Id. at 175-176, 743 N.E.2d at 896.
[11] Id. at 176, 743 N.E.2d at 896.
[12] Id. at 176, 743 N.E.2d at 897.
[13] Id. at 179, 743 N.E.2d at 898.
[14] Id.