JOURNAL ENTRY and OPINION
{¶ 1} Appellants, Cappas Karas Investment, Inc., Paul Duffy and Xtreme DVD, Inc., appeal from a common pleas court order affirming an order of the appellee City of Cleveland Board of Zoning Appeals (the "BZA") which denied appellants' application to change the use of the subject premises from a general video store to an adult video store. Appellants argue that the city's zoning restrictions on adult uses are facially unconstitutional because they are not supported by documented empirical evidence. They further contend that the BZA's decision was based upon a contract between Cleveland and the City of Parma which the cities did not have the power to enter into. Third, they claim they were denied procedural due process at the hearing before the BZA. Finally, they claim the BZA's decision was arbitrary, capricious and not supported by sufficient evidence. The city of Parma has been given leave to appear as amicus curiae and has filed a brief in support of the BZA's action.
 {¶ 2} We find that appellants' facial challenge to the constitutionality of Cleveland Codified Ordinance § 347.07 may not be raised in this administrative appeal. We further find that appellants have misconstrued the effect of the contract between Parma and Cleveland, and have not demonstrated that it was invalid. Appellants have not shown they were prejudiced by the presentation of testimony at the BZA hearing about matters not raised in the notice of violation, because they have not shown that the BZA's decision was based on such testimony. For the same reason, appellants have not shown that the BZA's decision was arbitrary or capricious or unsupported by the evidence.
 Facts and Procedural History {¶ 3} Cleveland Codified Ordinance 347.07 restricts the location of adult video stores and other "adult entertainment" uses. Among other things, section 347.07(c) provides that no adult entertainment use may be established within 1000 feet of a residence district or a public or non-profit community center in which there are regular programs for minors.
 {¶ 4} Cleveland Codified Ordinance 331.04 provides that, "[i]n all instances where this Zoning Code requires a separation of use districts * * * by a specified distance, such distance shall be measured in a geometrically straight line using a scaled map, or a survey if deemed necessary. * * * The calculation and application of distance requirements for separation of uses shall consider uses across the City's boundary in the application of divisions (c)(3) and (4) of Section 347.07 [prohibiting establishment of an adult entertainment use within 1000 feet of an existing adult entertainment use or a pool hall, pinball arcade, or tattooing or body piercing establishment] * * *. The calculation shall consider uses and districts across the City's boundary in all other circumstances only if the City and bordering jurisdiction have entered into an agreement whereby each will consider uses and districts across the common boundary. The Director of City Planning shall have authority to enter into such an agreement upon notification of the councilpersons whose ward is affected."
 {¶ 5} The cities of Cleveland and Parma entered into an agreement on July 19, 2002 pursuant to which they each agreed to consider the uses and use districts across their common borders in calculating any required separation of uses or districts under their own zoning codes.
 {¶ 6} On June 9, 2003, appellants filed an application with the City of Cleveland to change the use of premises located at 4200 Brookpark Road from general video sales to adult video sales. The property was zoned for semi-industrial and general industrial uses, and was adjacent to Cleveland's border with the City of Parma. The city's zoning administrator denied appellant's application and issued a notice of violation because the zoning code requires that no adult entertainment use shall be established within 1000 feet of a residential district, and the proposed use was on a lot within 226 feet of a residence district to the south, in the city of Parma.
 {¶ 7} Appellants appealed this decision to the BZA. The BZA held a hearing on the appeal on September 22, 2003, and voted to deny the appeal. It adopted a resolution to that effect on September 29, 2003.
 {¶ 8} Appellants then appealed the BZA's decision to the common pleas court. Although their notice of appeal raised eight issues, their brief argued only the four issues raised in this appeal. The common pleas court entered judgment as follows:
 {¶ 9} "After review of the record in this case as well as the weighing of all evidence, the court finds that the administrative order of the board of zoning appeals which denied appellants Cappas Karas Investment, Inc. a change of existing use from a general video store to an adult video store is affirmed. Neither ordinance No. 187-02 nor the resultant agreement between Parma and the City of Cleveland were found to be unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. Ohio Revised Code Chapter 2506.04. See also, Henley v.Youngstown Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142."
 {¶ 10} Appellants have timely appealed the matter to this court.
 Law and Analysis {¶ 11} The scope of our review in an R.C. 2506.04 appeal from a common pleas court decision in an administrative appeal is extremely limited. We review the common pleas court's decision "only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34 n. 4.
 {¶ 12} Appellants first assert that Cleveland Codified Ordinance 347.07 is facially unconstitutional because it is not a contentneutral restriction on the time, place and manner in which First Amendment rights may be exercised. A facial constitutional challenge to a zoning ordinance is improper in the context of an administrative appeal. Martin v.Independence Bd. of Zoning Appeals, Cuyahoga App. No. 81340, 2003-Ohio-2736, at ¶ 8; Grossman v. Cleveland Heights (1997),120 Ohio App.3d 435. Considerations of judicial economy allow the common pleas court in an administrative appeal to address the constitutionality of a zoning ordinance as applied to the particular property at issue, even though constitutionality was not an issue which the administrative agency could have addressed. SMC, Inc. v. Laudi
(1975), 44 Ohio App.2d 325, 328-29. However, the proper vehicle for challenging the constitutionality of an ordinance on its face is a declaratory judgment action. Martin, at ¶ 8; Grossman,120 Ohio App.3d at 441. Therefore, we dismiss the first assignment of error.
 {¶ 13} Second, appellants argue that the common pleas court erred by finding that the contract between Cleveland and Parma was not unconstitutional or illegal. Appellants claim there is no statutory or constitutional authorization for a municipality to enter into an agreement with another municipality "to in effect enforce one city's zoning ordinances outside its physical limits."
 {¶ 14} We disagree with appellants' characterization of the effect of the agreement between Cleveland and Parma. If the agreement's effect were as appellants argue, we would expect appellant to be complaining that Parma's zoning ordinances were being enforced against them. That is not the case. Rather, the agreement allows Cleveland, in enforcing its own ordinances restricting certain uses of land within its jurisdiction in relation to other nearby land uses, to consider equivalent zoning regulations adopted by Parma on adjoining land. We simply cannot characterize this as an agreement to enforce one city's zoning ordinances outside its physical limits.
 {¶ 15} The Cleveland City Charter created a Planning Commission, the "function and duty" of which is "to make and adopt a general plan for the development and improvement of the City, and for any area outside the City which in the judgment of the Commission bears relation to the planning of the City." Cleveland Charter § 76-2. The planning commission is further authorized to "enter into agreement with other governmental or private agencies necessary or desirable for carrying forward any of its purposes subject to the approval of council." Cleveland Codified Ordinance 331.04 gives the planning director explicit authority to enter into an agreement with a bordering jurisdiction "whereby each will consider uses and districts across the common boundary." Therefore, we reject appellants' argument that the contract between Parma and Cleveland was not authorized. The second assignment of error is overruled.
 {¶ 16} Third, appellants assert that the common pleas court erred by affirming the BZA decision because they were denied procedural due process at the BZA hearing. They claim the BZA considered a factor not listed in the notice of violation at the hearing, that is, the location of a television station adjacent to their property.
 {¶ 17} The transcript of the hearing before the BZA indicates that Jerry Wareham, chief executive officer of WVIZ and WCPN, testified that appellants' property was "75 to 100 feet from the front door of WVIZ," that half of WVIZ's programming is designed for children, and that the station regularly conducts programs on the premises for children. He suggested that WVIZ should be considered a non-profit community center in which there are regular programs for minors. Under Cleveland Codified Ordinance 347.07(c), an adult video store cannot be located within 1000 feet of such a center.
 {¶ 18} The BZA decision does not mention the location of WVIZ as a factor in the board's decision. Thus, although it was discussed at the hearing, appellants cannot show that they were harmed by that discussion.
 {¶ 19} Appellants further argue that procedural due process demanded that the BZA supply written findings of fact supporting the board's decision. The board did supply findings. The board's resolution specifically indicated that the appeal was denied "for the following reasons:
 {¶ 20} "1. The evidence establishes that the property remains in the original zoning for a Semi-Industry District and in 1959 a one-story masonry building was erected; that the Code states that no adult video store may be located within 1,000' of a residence district; that the proposed use would be within 226' of a residential neighborhood; that there is no practical difficulty nor unnecessary hardship inherent with the property; that neighboring businesses, property owners and elected officials from the cities of Cleveland and Parma are opposed to the appellants' requested change of use.
 {¶ 21} "2. Local conditions and the evidence presented justify the Board in not making the exception requested.
 {¶ 22} "3. Granting the appeal would be contrary to the intent and purpose of the zoning ordinances.
 {¶ 23} "4. In being refused this appeal the owner will not suffer an unreasonable hardship since they are not denied any use of property not also denied other owners in that district similarly situated; * * * *"
 {¶ 24} Accordingly, we overrule the third assignment of error.
 {¶ 25} Finally, appellants argue that common pleas court erred by failing to find that the BZA's decision was arbitrary and capricious and was not supported by sufficient evidence. The sole basis for this argument is appellant's mistaken contention that the board's decision was based on the location of the television station next to the subject property. As noted above, however, the television station was not a factor in the BZA's decision. Therefore, we overrule the fourth assignment of error.
Affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and Gallagher, J. concur.