Judgment reversed<br>and cause remanded.

BLACKMON and COONEY, JJ., concur.

CITY OF CLEVELAND, Appellee,

v.

POSNER, Appellant.

[Cite as *Cleveland v. Posner,* 188 Ohio App.3d 421, 2010-Ohio-3091.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93893

Decided July 1, 2010.

Robert J. Triozzi, Cleveland Director of Law, and Mark R. Musson, Assistant Director of Law, for appellee.

Jeffrey P. Posner, L.L.C., and Jeffrey P. Posner, for appellant.

---

MARY J. BOYLE, Presiding Judge.

{¶ 1} Defendant-appellant, Jeffrey Posner, appeals from a judgment of the Cuyahoga County Common Pleas Court affirming an administrative decision of the Cleveland Municipal Court's Parking Violations Bureau, Photo Safety Division. The administrative hearing officer found Posner liable for a speeding violation pursuant to Cleveland Codified Ordinance ("C.C.O.") 413.031, which sets

forth the automated-traffic-camera enforcement system of plaintiff-appellee, the city of Cleveland ("the city"). He raises three assignments of error for our review:

{¶ 2} "[1] The court below erred in failing to address appellant's arguments.

{¶ 3} "[2] The procedure utilized below allowed conviction upon insufficient and improperly allowed evidence.

{¶ 4} "[3] The procedure below violated appellant's due process rights by providing for conviction upon improperly allowed evidence without the right to confront actual witnesses and compel appearance and testimony."

{¶ 5} Although Posner raises three assignments of error, he presents only one argument, stating that his "assignments of error are somewhat related, as the evidentiary issues implicate due process rights, and will be argued together."

{¶ 6} App.R. 16(A)(7), however, requires "[a]n argument containing the contention of the appellant with respect to each assignment of error." While appellate courts may jointly consider two or more assignments of error, the parties do not have the same option in presenting their arguments. See, e.g., *In re Jack Fish & Sons Co., Inc.*, 159 Ohio App.3d 649, 2005-Ohio-545, 825 N.E.2d 171. Appellate courts may disregard any assignments of error that an appellant fails to separately argue. See App.R. 12(A)(2). Thus, we would be within our discretion to simply disregard all of Posner's assignments of error and summarily affirm the trial court. See *Jack Fish; Park v. Ambrose* (1993), 85 Ohio App.3d 179, 186, 619 N.E.2d 469; *State v. Caldwell* (1992), 79 Ohio App.3d 667, 677, 607 N.E.2d 1096, at fn. 3.

{¶ 7} Nonetheless, we will address Posner's sole argument on appeal. As Posner indicates, all of his assignments of error address evidentiary issues infringing on his due-process rights. Essentially, Posner argues that the common pleas court erred by not considering his constitutional due-process challenge—based on evidentiary issues—to the city's automated-traffic-camera enforcement system.

{¶ 8} Finding merit to his appeal, we reverse and remand.

## Standard of Review

{¶ 9} In *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 735 N.E.2d 433, the Ohio Supreme Court distinguished the standard of review to be applied by common pleas courts and appellate courts in R.C. Chapter 2506 administrative appeals. The court stated:

{¶ 10} "The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines

whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.  * * *

{¶ 11} "The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is 'more limited in scope.'  * * *  *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848.  'This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.'  Id. at fn. 4.  'It is incumbent on the trial court to examine the evidence.  Such is not the charge of the appellate court.  * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial.  Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.'  *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264, 267."  (Emphasis deleted.)  *Henley,* 90 Ohio St.3d at 147, 735 N.E.2d 433.

{¶ 12} Thus, this court will review the judgment of the trial court only to determine whether the lower court abused its discretion in finding that the administrative order was supported by reliable, probative, and substantial evidence.  See *Wolstein v. Pepper Pike City Council,* 156 Ohio App.3d 20, 2004-Ohio-361, 804 N.E.2d 75.

## Constitutional Challenge:  Facial v. As Applied

{¶ 13} Posner raised several evidentiary, due-process issues to the common pleas court.  He argued that the hearing officer's decision was unlawful and unconstitutional because the procedure and admission of evidence violated his due-process rights and could not be used as a basis for a valid decision.  He further argued that he was entitled to evidentiary and due-process safeguards and that the evidence used against him was unsworn, unscientific, and unsubstantiated, and was not authenticated.

{¶ 14} The common pleas court determined that Posner's arguments were "principally based on claims that the underlying ordinance is invalid, unlawful, and unconstitutional."  It refused to address his constitutional arguments because "the validity of the underlying ordinance is not for this court to determine."  It further stated, "The scope of this court's review is limited to the validity of the hearing officer's decision."  The common pleas court then affirmed the decision of the administrative hearing officer, finding that it was not unconstitutional, illegal,

arbitrary, capricious, or unreasonable and was supported by substantial, reliable, and probative evidence.

{¶ 15} The city contends that the trial court had no jurisdiction to address Posner's constitutional claims. Specifically, the city argues that the trial court correctly determined that Posner challenged the constitutionality of C.C.O. 413.031 only on its face. But Posner maintains that he raised both a facial challenge to C.C.O. 413.031 and an "as applied" challenge. Thus, Posner argues that the trial court erred by not considering his evidentiary, due-process arguments, as applied to his case.

{¶ 16} A statute's constitutionality can be challenged on its face or on the particular set of facts to which the statute has been applied. *Harold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37, citing *Belden v. Union Cent. Life Ins. Co.* (1944), 143 Ohio St. 329, 28 O.O. 295, 55 N.E.2d 629, paragraph four of the syllabus. When a statute is challenged on its face, the challenger must demonstrate that no set of circumstances exists under which the statute would be valid. Id., citing *United States v. Salerno* (1987), 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697. The fact that the statute could operate unconstitutionally under some given set of facts or circumstances is insufficient to render it wholly invalid. Id. "Conversely, when a statute is challenged as applied, the challenger must establish by clear and convincing evidence an existing set of facts that renders the statute invalid when applied to those facts." *Smith v. Jones*, 175 Ohio App.3d 705, 2007-Ohio-6708, 889 N.E.2d 141, ¶ 14, citing *Harold*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, at ¶ 38.

{¶ 17} This court has previously found that "[a] facial constitutional challenge to a[n] * * * ordinance is improper in the context of an administrative appeal." *Cappas & Karas Invest., Inc. v. Cleveland Bd. of Zoning Appeals*, 8th Dist. No. 85124, 2005-Ohio-2735, 2005 WL 1303346, ¶ 12, citing *Martin v. Independence Bd. of Zoning Appeals*, 8th Dist. No. 81340, 2003-Ohio-2736, 2003 WL 21234910. "[T]he proper vehicle for challenging the constitutionality of an ordinance on its face is a declaratory judgment action." Id. But it is well established that in an administrative appeal, appellants can challenge the constitutionality of an ordinance as applied to their case. *Wilt v. Turner*, 8th Dist. No. 92707, 2009-Ohio-3904, 2009 WL 2403567, citing *Grossman v. Cleveland Hts.* (1997), 120 Ohio App.3d 435, 441, 698 N.E.2d 76.

{¶ 18} After reviewing the record in the case sub judice, it is clear that Posner raised "as applied" challenges, as well as facial challenges, to the constitutionality of C.C.O. 413.031. Throughout his brief to the common pleas court, he argued that C.C.O. 413.031 was unconstitutional on its face and as applied to his case. He raised several specific arguments challenging the evidence used against him.

Although the common pleas court had no jurisdiction to determine a facial challenge to the ordinance, it should have addressed Posner's "as applied" arguments.

{¶ 19} We therefore reverse the decision of the trial court and remand the cause with instructions to address Posner's constitutional due-process challenges to C.C.O. 413.031 "as applied" to his case.

Judgment reversed
and cause remanded.

SWEENEY, J., concurs.

JONES, J., dissents.

LARRY A. JONES, Judge, dissenting.

{¶ 20} Respectfully, I dissent, and would affirm the judgment of the trial court. First, I agree with the majority's conclusion that because Posner failed to separately argue his assignments of error pursuant to App.R. 12(A)(2), we are within our discretion to disregard all of his assignments of error and summarily affirm the trial court.

{¶ 21} Posner claims that the city's ordinance is unconstitutional because it violated his due-process rights. C.C.O. 413.031, the ordinance at issue, was enacted to establish "a civil enforcement system for red light and speeding offenders photographed by means of an 'automated traffic enforcement camera system.'" C.C.O. 413.031(a).

{¶ 22} It is well settled that municipal ordinances are presumed to be constitutional. *Hudson v. Albrecht, Inc.* (1984), 9 Ohio St.3d 69, 71, 9 OBR 273, 458 N.E.2d 852. C.C.O. 413.031 is afforded the same presumption. *State ex rel. Scott v. Cleveland,* 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923. The United States District Court for the Northern District of Ohio has found that C.C.O. 413.031 does not violate the due-process guarantees of either the United States or Ohio Constitutions. *Balaban v. Cleveland* (Feb. 5, 2010), N.D.Ohio No. 1:07–CV–1366, 2010 WL 481283.

{¶ 23} In *Grossman,* 120 Ohio App.3d 435, 698 N.E.2d 76, this court set forth three options with which to challenge an administrative agency's decision: file an R.C. Chapter 2506 appeal, challenging the notice of liability on the grounds that it was not supported by a preponderance of reliable, probative and substantial evidence; challenge the constitutionality of the ordinance as applied * * * per R.C. Chapter 2506; or file a declaratory-judgment action contesting the constitutionality of the ordinance on its face. Id. at 441, 698 N.E.2d 76.

{¶ 24} We should find, similar to the context of an as-applied constitutional challenge to zoning ordinances, that a party challenging the constitutionality of an ordinance on due-process grounds bears the initial burden to produce evidence rebutting the presumption of constitutionality. See *Goldberg Cos., Inc. v. Richmond Hts. City Council* (1998), 81 Ohio St.3d 207, 690 N.E.2d 510. A party does this by demonstrating that the ordinance, *as it applies to that party*, is unconstitutional. *Yajnik v. Akron Dept. of Health, Hous. Div.*, Summit App. No. 20844, 2002-Ohio-3501, 2002 WL 1484935, ¶ 9, overruled on other grounds by *Yajnik v. Akron Dept. of Health, Hous. Div.*, 101 Ohio St.3d 106, 2004-Ohio-357, 802 N.E.2d 632.

{¶ 25} Although the majority has decided to reverse the judgment, finding that the trial court erred when it failed to consider Posner's "as applied" constitutional challenge, I would find that Posner failed to present any evidence to the trial court, let alone demonstrate, that C.C.O. 413.031, as applied to him, is unconstitutional; thus, any error the trial court made was harmless.