[Cite as *Posner v. Cleveland*, 2011-Ohio-3071.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 95997

## JEFFREY POSNER

PLAINTIFF-APPELLANT

vs.

## CITY OF CLEVELAND

DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-724353

**BEFORE:** S. Gallagher, J., Blackmon, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** June 23, 2011

**ATTORNEY FOR APPELLANT**

Jeffrey P. Posner
Jeffrey P. Posner, LLC
3393 Norwood Road
Shaker Heights, Ohio  44122


**ATTORNEYS FOR APPELLEE**

Robert J. Triozzi
Director of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio  44114-1077

Mark R. Musson
Assistant Director of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio  44114-1077

SEAN C. GALLAGHER, J.:

{¶ 1}  Appellant Jeffrey Posner appeals the decision of the trial court in Cuyahoga County Common Pleas Court Case No. CV-724353, affirming an administrative decision of the Cleveland  Municipal Court's Parking Violations Bureau, Photo Safety Division ("PVB").   For the following reasons, we affirm the decision of the trial court.

{¶ 2} The administrative hearing officer found Posner civilly liable for a speeding violation pursuant to Cleveland Codified Ordinances ("C.C.O.") 413.031. That ordinance establishes the automated, traffic enforcement system for appellee, the city of Cleveland ("Cleveland"). On January 6, 2010, Posner was notified of a speeding violation that occurred on December 18, 2009. A mobile automated traffic camera recorded Posner driving at 40 m.p.h., in a 25 m.p.h. zone. Posner requested a hearing before the PVB. After unsuccessfully challenging the ticket administratively, Posner filed an appeal to the trial court, which affirmed the decision of the hearing officer. This appeal of the trial court's decision timely followed.

{¶ 3} We note that Posner raised similar issues in several other cases stemming from separate automated enforcement citations. *Cleveland v. Posner*, 188 Ohio App.3d 421, 2010-Ohio-3091, 935 N.E.2d 882 ("*Posner I*"); *Cleveland v. Posner*, Cuyahoga App. No. 94689, 2010-Ohio-5368 ("*Posner II*"); *Cleveland v. Posner*, Cuyahoga App. No. 95301, 2011-Ohio-1370 ("*Posner III*"). This court reversed *Posner I* and *II* based on the failure to consider his "unconstitutional as applied" arguments and *Posner III* for the failure to hold the required evidentiary hearing pursuant to R.C. 2506.03(B).

{¶ 4} In this case, Posner raises five assignments of error for our review.

**"I. The court below erred in failing to address Appellant's arguments.**

**"II. The procedure utilized below allowed conviction upon insufficient and improperly allowed evidence.**

"III. The procedure below violated appellant's due process rights by providing for conviction upon improperly allowed evidence without the right to confront actual witnesses and compel appearance and testimony.

"IV. Judgment should be entered for appellant pursuant to *City of Cleveland v. Barnes*, Cuy. Co. C.A. 94502 (12/16/10) [sic].

"V. The parking violations bureau lacked jurisdiction to enter an order of liability and its decision must be vacated and/or reversed."

{¶ 5}   This court reviews administrative appeals under an abuse-of-discretion standard. *Cleveland v. Posner*, 188 Ohio App.3d 421, 2010-Ohio-3091, 935 N.E.2d 882, ¶ 12.   The standard of review is limited to reviewing the judgment of the trial court on questions of law. Id. at ¶ 11.   We do not review any findings of fact or weigh the evidence in administrative appeals.   Id.   To the contrary, when a party appeals an administrative agency's decision to the trial court, that court "considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."   Id. at ¶ 10.

{¶ 6}   In his first assignment of error, Posner argues that the trial court "rubber-stamped" the hearing officer's decision without actually determining the due process or evidentiary issues.   He asks this court to remand the case to the trial court for a "real decision."   We find this assignment of error to be without merit.

{¶ 7} Posner has not identified any error upon which to base the speculative argument that the trial court did not review the briefs filed. The trial court is not required to issue a detailed opinion. *3910 Warrensville Ctr., Inc. v. City of Warrensville Hts.* (1984), 20 Ohio App.3d 220, 222, 485 N.E.2d 824. We must presume the regularity of the proceedings below. Id. Posner has not identified any part of the record substantiating his first assignment of error, and we find no basis to conclude that the trial court did not engage in an independent review. The parties filed briefs, and the trial court thereafter issued a decision. Posner's first assignment of error is accordingly overruled.

{¶ 8} Posner's second and third assignments of error assert the single argument that the hearing officer and trial court relied on improper evidence in finding Posner liable for the civil traffic infraction. Both of these assignments of error address evidentiary rules allegedly infringing on Posner's due process rights. His second and third assignments of error are without merit.

{¶ 9} Posner first challenges the hearing officer's decision to admit the electronic evidence from the mobile unit that photographed his vehicle speeding. He argues this alone compelled the trial court to reverse the hearing officer's decision because the admission of evidence violated his due process rights and could not be used as a basis for a valid decision. He further argues that he was entitled to evidentiary and due process protections; that the evidence used against him was unsworn, unscientific, and not authenticated; and the hearing

officer failed to provide him the right to confront or call witnesses. These arguments essentially challenge the constitutionality of the ordinance establishing an automated traffic enforcement system. The procedures Posner identifies as eroding his due process rights are established by C.C.O. 413.031.

{¶ 10} Before addressing Posner's substantive arguments, we note that Posner has already unsuccessfully raised these issues in *Posner III*. He further never clearly indicates whether his arguments challenge the constitutionality of C.C.O. 413.031 on its face or "as applied." Our jurisdiction is limited to addressing any "as applied" constitutional challenges. Any argument addressing the facial validity of an ordinance is beyond the scope of an administrative appeal. *Posner III* at ¶ 16.

{¶ 11} We have previously held that C.C.O. 413.031 creates a civil liability for the infringement of traffic laws. *Posner III* at ¶ 19. Strict rules of evidence applicable to courts of law do not apply at administrative hearings. The contents of the tickets constitute prima facie evidence establishing civil liability. C.C.O. 413.031(k). Other evidence, including hearsay, "admissible in administrative hearings is defined as follows: (1) 'Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) 'Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3)

'Substantial' evidence is evidence with some weight; it must have importance and value." (Internal citations and quotations omitted.) *Posner III* at ¶ 27.

{¶ 12} Defendant argued in *Posner III* that there was insufficient evidence to establish liability because the evidence relied on by the hearing officer was inadmissible, because of its being "unsubstantiated or authenticated by any testimony" and based on hearsay. Posner further argued that there was "no evidence of the underlying reliability of the science and equipment" used in the automated system. The *Posner III* court held "[t]he evidence used against defendant at the administrative hearing was the notice of liability for speeding, the [automated traffic enforcement camera's] photographs, and the logbook showing the [automated traffic enforcement camera's] calibration. Given the relaxed standards of evidence in administrative hearings, this evidence [was] certainly probative and substantial as to whether defendant was speeding." Id. at ¶ 28. We also found no merit to his arguments relating to the scientific reliability of the automated system. Evidentiary formalities are not required to admit expert testimony in administrative hearings. Id.

{¶ 13} In the current case, Posner recycles the arguments advanced in *Posner III*. Following our precedent, we again find Posner's arguments to be without merit. The same evidence relied on by the trial court in *Posner III* is present in the current case. The administrative record includes the notice of liability, pictures of Posner's car from the automated camera depicting its speed, and the mobile unit's deployment log and certification.

The trial court did not abuse its discretion in finding that the hearing officer's decision was supported by the preponderance of substantial, reliable, and probative evidence.

{¶ 14} In addition, Posner argues that he was prohibited from calling witnesses at the PVB hearing thereby "handcuffing" his ability to present a defense. The trial court, when hearing an administrative appeal, is confined to the transcript of proceedings unless it appears on the face of the transcript or by affidavit of the appellant that one of the five following exceptions applies: (1) the transcript does not contain all information proffered at the hearing; (2) the appellant was not permitted to offer and examine or cross-examine witnesses; (3) the testimony was not given under oath; (4) the officer or agency lacked, or refused to invoke, the power of subpoena; or (5) the officer or body failed to file with the transcript, conclusions of fact supporting the final order. R.C. 2506.03(A). If any of those apply, the trial court must hold an evidentiary hearing and may rely on such evidence in its final determination. R.C. 2506.03(B).

{¶ 15} Even if we assume Posner was procedurally barred from calling witnesses at the administrative level,[1] the language of R.C. 2506.03(B) allows, and even mandates, that Posner

---

[1] Posner never established a record on whether he was prohibited from calling witnesses at the PVB hearing, and there is no transcript available for our review. Posner identified the need to supplement the record with the trial court and requested a hearing. However, he failed to assign error to any failure to hold this hearing pursuant to R.C. 2506.03(B). We therefore will not address his argument from the standpoint that he was prohibited from supplementing the evidentiary record. We can only address his argument from the standpoint that the hearing officer prohibited Posner from calling witnesses to testify at the PVB hearing.

be allowed to supplement the record with such testimony. Posner's inability to subpoena witnesses to testify at the PVB hearing, therefore, does not violate his due process rights. He has the right to subpoena witnesses at the trial court level, thereby satisfying any concerns raised by Posner. For the foregoing reasons, Posner's second and third assignments of error are without merit.

{¶ 16} Posner argues, in his fourth assignment of error, that we must reverse the decision of the trial court based on *Cleveland v. Barnes*, Cuyahoga App. No. 94502, 2010-Ohio-6164. In *Barnes*, this court held that Cleveland's mobile radar units are required to physically post warning signs ahead of the mobile unit pursuant to the plain meaning of C.C.O. 413.031(g), even if the signs are themselves portable. The current case arises from a mobile unit. *Barnes* stands for the proposition that mobile units must post warning signs. Posner failed to argue the absence of warning signs in his case. More to the point, there is no evidence within the record to even reach this conclusion. It is incumbent upon Posner to articulate the reasons supporting assigned errors. App.R. 16(A). Our decision in *Barnes* is predicated on a factual issue. Nothing in the current record indicates the absence of a warning sign on the day the ticket was issued. A blanket citation to *Barnes* does not, in and of itself, compel a reversal. We therefore must overrule Posner's fourth assignment of error.

{¶ 17} Finally, Posner was granted leave to file a supplemental brief and assignment of error, which challenges the PVB's jurisdiction to find motorists liable for traffic infractions.

Posner attached a copy of a memorandum of peremptory and alternative writs of prohibition and mandamus filed in an unrelated case in front of the Ohio Supreme Court.[2] Posner incorporated the arguments made in the brief by reference, but failed to identify any connection to the facts of the current case. Posner summed up the supplemental assignment of error as follows: "The Parking Violations Bureau has no jurisdiction to review tickets issued in this case: pursuant to ORC Ch. 4521, and sec. 4521.04 and .05 [sic], the PVB has jurisdiction only over 'civil' 'parking' and 'standing' violations." In other words, C.C.O. 413.031 impermissibly conflicts with R.C. 4521.04 and 4521.05 by usurping the legislature's exclusive constitutional power to determine jurisdiction and therefore is facially unconstitutional. This court is without jurisdiction, within the confines of an administrative appeal, to resolve constitutional issues challenging the facial validity of an ordinance. *Posner III* at ¶ 16. Posner's fifth assignment of error is overruled.

{¶ 18} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

---

[2] The Ohio Supreme Court dismissed the original action without opinion. *State ex rel. Christoff v. Turner*, 05/04/11 Case Announcements, 2011-Ohio-2055.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, P.J., and
KENNETH A. ROCCO, J., CONCUR