[Cite as *Cleveland v. Cord*, 2011-Ohio-4262.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96312

---

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## DANIEL CORD

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-700171

**BEFORE:** Celebrezze, J., Stewart, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** August 25, 2011

**ATTORNEY FOR APPELLANT**

Jeffrey P. Posner
Jeffrey P. Posner, L.L.C.
3393 Norwood Road
Shaker Heights, Ohio   44122


**ATTORNEYS FOR APPELLEE**

Robert J. Triozzi
Director
Mark R. Musson
Assistant Director of Law
City of Cleveland
Department of Law
601 Lakeside Avenue
Room 106
Cleveland, Ohio   44114-1077


FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Appellant, Daniel Cord, seeks reversal of the decision of the common pleas court in the administrative appeal of a civil notice of liability issued by the city of Cleveland (the "City") pursuant to its automatic traffic enforcement ordinance, Cleveland Codified Ordinances ("C.C.O.") 413.031. After a thorough review of the record and based on the following law, we affirm.

{¶ 2} According to a notice issued pursuant to an automated traffic camera, on May 13, 2009, appellant was traveling 48 miles per hour in a 35-mile-per-hour zone on Chester Avenue in Cleveland, Ohio.

{¶ 3} Appellant was issued a notice of liability on June 9, 2009 informing him of the date, time, and location of his vehicle when the automated camera system recorded him violating the posted speed limit. The notice, reviewed by a City police officer, informed appellant of a $100 civil fine and his right to request a hearing, which he did. A hearing was conducted on July 9, 2009 before the Cleveland Parking Violations Bureau ("PVB").

{¶ 4} At the hearing, appellant attempted to call the police officer who issued or reviewed the citation, but he was not present. Appellant objected to the use of the citation as evidence because it was unsworn, unauthenticated, and no testimony laid a foundation for its admittance or it accuracy. The hearing officer found that the citation and photographs of appellant's car were prima facie evidence of liability and that the rules of evidence did not apply to administrative hearings. The PVB officer found appellant liable for the citation.

{¶ 5} Appellant filed for an administrative appeal in the Cuyahoga County Common Pleas Court pursuant to R.C. 2506.01. On December 20, 2010, after extensive briefing by the parties, the court overruled appellant's objections and affirmed the determination of the PVB hearing officer. The court found that much of appellant's arguments constituted a facial challenge

to the City's automatic traffic enforcement ordinance and were not properly justiciable in an administrative appeal.

**{¶ 6}** The court also determined that appellant's due process arguments stemming from his inability to subpoena witnesses during the hearing were cured by his ability to augment the record on appeal through R.C. 2506.03, but that appellant had not taken advantage of this provision and did not try to properly supplement the record on appeal.[1]

**{¶ 7}** Appellant then filed the instant appeal raising four assignments of error.

---

[1] Appellant did attach various newspaper articles to his briefs, which the trial court determined were improperly included.

## Law and Analysis

### "As-applied" Constitutional Challenge

**{¶ 8}** Appellant first argues that the reviewing court below failed to address his arguments, which were basically a recitation of the arguments embodied in his second and third assignments of error.[2]

**{¶ 9}** Appeals from administrative proceedings are governed by R.C. 2506.01, et seq. Under these provisions, a party may appeal the decision of an administrative tribunal to the common pleas court in that jurisdiction. R.C. 2506.01. The common pleas court then "considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Cleveland v. Posner*, 188 Ohio App.3d 421, 2010-Ohio-3091, 935 N.E.2d 882, ¶10 ("*Posner I*"). This court then reviews that determination for an abuse of discretion.

**{¶ 10}** Appellant first attacks the validity of evidence used. This court has previously addressed this argument and held:

---

[2] Assignments of error: I. "The court below erred in failing to address appellant's arguments"; II. "The procedure utilized below allowed conviction upon insufficient and improperly allowed evidence"; and III. "The procedure below violated appellant's due process rights by providing for conviction upon improperly allowed evidence without the right to confront actual witnesses and compel appearance and testimony."

{¶ 11} "The Ohio Supreme Court has held that administrative agencies are not bound by the rules of evidence applied in court. *Simon v. Lake Geauga Printing Co.* (1982), 69 Ohio St.2d 41, 44, 430 N.E.2d 468. Evidence that is admissible in administrative hearings is defined as follows: '(1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.' *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303. Furthermore, hearsay is admissible in administrative proceedings. *Simon*, 69 Ohio St.2d at 44, 430 N.E.2d 468.

{¶ 12} "The evidence used against defendant at the administrative hearing was the notice of liability for speeding, the [Automatic Traffic Enforcement Camera ("ATEC")] photographs, and the logbook showing the ATEC's calibration. Given the relaxed standards of evidence in administrative hearings, this evidence is certainly probative and substantial as to whether defendant was speeding. Cf. *HCMC, Inc. v. Ohio Dept. of Job & Family Servs.*, 179 Ohio App.3d 707, 2008-Ohio-6223, 903 N.E.2d 660, ¶48 (a state agency audit is admissible and prima facie evidence of what it asserts in an administrative hearing)." *Cleveland v. Posner,* Cuyahoga App. No.

95301, 2011-Ohio-1370, ¶27-28 ("*Posner II*").   This is probative evidence that appellant was speeding.

{¶ **13**} Appellant further mounts certain constitutional challenges that are not justiciable by this court or the court below.   It is clear from the holding in *Posner I* that only constitutional claims as they apply to appellant's specific case can properly be decided during administrative review.   Id. at ¶17.   Facial constitutional challenges cannot.   It is also clear that so long as appellant is presented with an opportunity to call witnesses, it does not matter when this opportunity occurs in order to preserve appellant's due process rights.   *Posner II* at ¶30-40.

{¶ **14**} Appellants in an administrative review may supplement the record created in the administrative hearing in narrow circumstances.   R.C. 2506.03(A).[3]   This statute provides, in part, that if appellant was "unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from[,]" then "the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party.   At the hearing, any party may call, as if on cross-examination, any witness who

---

[3] This statute states: "The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies[.]"

previously gave testimony in opposition to that party." R.C. 2506.03(A)(4) and 2506.03(B).

{¶ 15} The notice of liability was reviewed or issued by a City police officer with badge number 901. This officer was attesting to its accuracy by issuing the notice. The hearing officer also stated that the notice was "sworn by the officer who signs the violation when it's sent to him." This equates to testimony against appellant by this officer. However, this officer was not available for cross-examination. Appellant attempted to call this officer while discussing whether or not the notice was sworn. Appellant's attorney stated, "[t]hen we call the police officer who is the reviewing police officer for this." The hearing officer did not acknowledge appellant's request, continue the hearing, or allow appellant to issue a subpoena to compel this officer to testify. Appellant also testified during the proceeding that he was not given the ability or opportunity to subpoena witnesses.

{¶ 16} In *Posner II*, this court remanded to give the appellant the opportunity to subpoena and call witnesses in order to supplement the record on review. What distinguishes that case from the present one is that appellant did not attempt to subpoena witnesses to testify during the administrative review. Appellant did file a motion for a case management conference and additional time to conduct discovery, but this motion did not mention R.C. 2506.03 or demonstrate a right to conduct full discovery under

R.C. 2506.03. The trial court denied appellant's request noting, "R.C. 2506.03 establishes the procedure for admitting additional evidence into the record and the court will hold a hearing upon such if necessary." The trial court was directing appellant to introduce additional evidence and witnesses based on R.C. 2506.03, but appellant did not take that direction. Appellant did nothing further to attempt to supplement the record other than attaching various items to his brief.

{¶ 17} In *Posner v. Cleveland*, Cuyahoga App. No. 95997, 2011-Ohio-3071, ¶15, fn. 1 ("*Posner III*"), we rejected the same due process arguments because "Posner never established a record on whether he was prohibited from calling witnesses at the PVB hearing, and there is no transcript available for our review." This court went on to hold that Posner's ability to call witnesses pursuant to R.C. 2506.03 preserved his due process rights.

{¶ 18} While the City argues that due process does not require that parties be afforded the right to call or cross-examine witnesses against them in administrative hearings where they are only subject to minimal fines, R.C. 2506.03 bestows a right to do just that during administrative review. Therefore, the federal cases cited by the City do not properly address the issues before this court. The City also argues that PVB hearing officers "readily grant violators continuances to allow for preparation to contest a

Notice of Liability[,]" and that a public records request is an adequate avenue to obtain much of the information appellant seeks. However, a records request would not allow appellant to cross-examine the officer who reviewed the notice. Further, the hearing officer did not continue the hearing to give appellant the opportunity to call this officer or to file a public records request, as the city intimates.

{¶ 19} Appellant's due process rights were not frustrated because R.C. 2506.03 left an avenue open for him to call witnesses and present additional evidence that he was prevented from utilizing during the PVB hearing. Appellant never attempted to issue subpoenas during the administrative review hearing. As applied to appellant, C.C.O. 413.031 is not unconstitutional. As explained above, appellant's arguments challenging the ordinance on its face will not be addressed.

**Jurisdiction of the PVB**

{¶ 20} In his fourth assignment of error, appellant argues that "the trial court erred in failing to reverse the decision of the parking violations bureau for lack of jurisdiction." This argument is based on a perceived conflict between the duties exercised by the PVB in reviewing the notices of violation and affirming the issuance of civil fines for violations of traffic laws and the enabling legislation for such a body in R.C. 4521.04 and 4521.05. However, this is a facial constitutional challenge of the ordinance establishing the

duties of the PVB and is unsuitable for determination in an administrative appeal. *Posner III* at ¶17, citing *Posner II* at ¶16. Therefore, appellant's final assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, P.J., and
JAMES J. SWEENEY, J., CONCUR