[Cite as *Dawson v. Cleveland*, 2014-Ohio-500.]

[Vacated opinion. Please see 2014-Ohio-1636.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99964

---

## DARRELL E. DAWSON

PLAINTIFF-APPELLANT

vs.

## CITY OF CLEVELAND, ET AL.

DEFENDANTS-APPELLEES

---

### JUDGMENT:
REVERSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-792131

**BEFORE:** Blackmon, J., S. Gallagher, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 13, 2014

**ATTORNEY FOR APPELLANT**

James G. Dawson
4881 Foxlair Trail
Richmond Heights, Ohio 44143


**ATTORNEYS FOR APPELLEES**

Barbara Langhenry
Director of Law

By: John Mills
Assistant Director of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

Parking Violations Bureau
City of Cleveland
Photo Safety Division
1200 Ontario Street, 2nd Floor
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Darrell E. Dawson ("Dawson") appeals the trial court's order affirming the City of Cleveland Parking Violations Bureau's ("the City") imposition of civil liability upon Dawson for a speeding offense. For the reasons that follow, we reverse the trial court's decision.

{¶2} On June 17, 2012, the City issued a notice of liability pursuant to Cleveland Codified Ordinances ("C.C.O.") 413.031 to Dawson, alleging that an automated camera photographed a vehicle registered in his name traveling at 49 m.p.h. in a 35 m.p.h. zone. Dawson appealed the notice of liability pursuant to C.C.O. 413.031(k).

{¶3} On August 28, 2012, at the administrative hearing, the hearing officer set forth the facts and allegations surrounding the issuance of the notice of liability. Dawson did not attend, the hearing officer offered to continue the hearing, but Dawson's counsel declined the offer. Instead, counsel offered "Exhibit A," detailing nine assignments of error to be made part of the record. Thereafter, the hearing officer found Dawson liable for the speed violation and ordered him to pay the $100 fine.

{¶4} On September 25, 2012, pursuant to R.C. 2506.01, Dawson filed an administrative appeal with the court of common pleas, asserting factual challenges and alleging various procedural and constitutional violations. Dawson also requested a hearing pursuant to R.C. 2506.03, claiming that the testimony given before the hearing officer was not made under oath and that the hearing officer did not file with the transcript conclusions of fact.

**{¶5}** On March 5, 2013, the trial court denied the motion, ruling that the hearing officer filed sufficient conclusions of fact and that Dawson had waived the right to argue that the hearing officer's testimony was not given under oath. Accordingly, the administrative appeal was decided by the arguments contained in the briefs submitted by both parties.

**{¶6}** On May 9, 2013, the trial court issued a written opinion finding that the hearing officer's decision was supported by substantial, reliable, and probative evidence.

**{¶7}** Dawson now appeals, raising among other things, facial constitutional challenges to C.C.O. 413.031.

**{¶8}** At the outset, we acknowledge that the instant matter involves an appeal from an administrative decision pursuant to R.C. Chapter 2506, and "[t]he proper vehicle for challenging the constitutionality of an ordinance on its face is a declaratory judgment action." *Cappas & Karas Inv., Inc. v. Cleveland Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 85124, 2005-Ohio-2735, citing *Martin v. Independence Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 81340, 2003-Ohio-2736. *See also Grossman v. Cleveland Hts.*, 120 Ohio App.3d 435, 439-441, 698 N.E.2d 76 (8th Dist.1997).

**{¶9}** However, because this appeal presents yet another challenge to the constitutionality of a city's automated camera civil traffic enforcement system, we will follow this court's most recent decision in *Jodka v. Cleveland*, 8th Dist. Cuyahoga No. 99951, 2014-Ohio-208. In *Jodka*, we found that C.C.O. 413.031 unconstitutionally usurps the authority of the Cleveland Municipal Court to adjudicate certain traffic

infractions. As such, we sustain Dawson's facial challenges to C.C.O. 413.031 and reverse the trial court's decision.

{¶10} Judgment reversed.

It is ordered that appellant recover from appellees his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
SEAN C. GALLAGHER, P.J., CONCURS
IN JUDGMENT ONLY