[Cite as *Dawson v. Cleveland*, 2014-Ohio-1636.]

[Please see vacated opinion at 2014-Ohio-500.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99964**

---

## DARRELL E. DAWSON

PLAINTIFF-APPELLANT

vs.

## CITY OF CLEVELAND, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-792131

**BEFORE:** Blackmon, J., S. Gallagher, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 17, 2014

**ATTORNEY FOR APPELLANT**

James G. Dawson
4881 Foxlair Trail
Richmond Hts., Ohio 44143


**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
Director of Law
City of Cleveland

John S. Mills
Assistant Director of Law
City Hall-Law Department, Room 106
601 Lakeside Avenue
Cleveland, Ohio 44114

Parking Violations
Bureau of the City of Cleveland
Photo Safety Division
1200 Ontario St., 2nd Floor
Cleveland, Ohio 44113

ON RECONSIDERATION[1]

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Darrell E. Dawson ("Dawson") appeals the trial court's order affirming the City of Cleveland Parking Violations Bureau's ("PVB") imposition of civil liability upon Dawson for a speeding offense. Dawson assigns the following errors for our review:

> I. The trial court erred to the prejudice of the appellant and abused its discretion by holding that the City of Cleveland complied with the mandates of C.C.O. §413.031 when in fact the city failed to present any competent evidence that the elements of C.C.O. §413.031 were proven by a preponderance of substantial, reliable and probative evidence on the whole record.

> II. The trial court erred to the prejudice of the appellant and abused its discretion by affirming the decision of the parking violations bureau where both the trial court and parking violations bureau lacked subject matter jurisdiction to render a decision relative to the notice of liability issued to the appellant.

> III. The trial court erred to the prejudice of the appellant and abused its discretion by affirming the decision of the parking violations bureau where the City of Cleveland failed to present any competent evidence with respect to the construction of the alleged speed measuring device, its method of operation and whether the device was in good working condition for accurate measurement.

> IV. The trial court erred to the prejudice of the appellant and abused its discretion by affirming the decision of the parking violations bureau where violations of C.C.O. §413.031 are being unconstitutionally adjudicated by the Cleveland Parking Violations Bureau.

---

[1] The original announcement of decision, *Dawson v. Cleveland*, 8th Dist. Cuyahoga No. 99964, 2014-Ohio-500, released February 13, 2014, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

V. The trial court erred to the prejudice of the appellant and abused its discretion by denying the appellant a requested hearing pursuant to R.C. 2506.03.

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} On June 17, 2012, the City issued a notice of liability pursuant to Cleveland Codified Ordinances ("C.C.O.") 413.031 to Dawson, alleging that an automated camera photographed a vehicle registered in his name traveling at 49 m.p.h. in a 35 m.p.h. zone. Dawson appealed the notice of liability pursuant to C.C.O. 413.031(k).

{¶4} On August 28, 2012, at the administrative hearing, the hearing officer set forth the facts and allegations surrounding the issuance of the notice of liability. Dawson did not attend, the hearing officer offered to continue the hearing, but Dawson's counsel declined the offer. Instead, counsel offered "Exhibit A," detailing nine assignments of error to be made part of the record. Thereafter, the hearing officer found Dawson liable for the speed violation and ordered him to pay the $100 fine.

{¶5} On September 25, 2012, pursuant to R.C. 2506.01, Dawson filed an administrative appeal with the court of common pleas, asserting factual challenges and alleging various procedural and constitutional violations. Dawson also requested a hearing pursuant to R.C. 2506.03, claiming that the testimony given before the hearing officer was not made under oath and that the hearing officer did not file with the transcript conclusions of fact.

**{¶6}** On March 5, 2013, the trial court denied the motion, ruling that the hearing officer filed sufficient conclusions of fact and that Dawson had waived the right to argue that the hearing officer's testimony was not given under oath. Accordingly, the administrative appeal was decided by the arguments contained in the briefs submitted by both parties.

**{¶7}** On May 9, 2013, the trial court issued a written decision finding that the hearing officer's decision was supported by substantial, reliable, and probative evidence. Dawson now appeals.

### Standard of Review

**{¶8}** In *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 2000-Ohio-493, 735 N.E.2d 433, the Ohio Supreme Court distinguished the standard of review to be applied by common pleas courts and appellate courts in R.C. Chapter 2506 administrative appeals. The court stated:

> The common pleas court considers the "whole record," including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.
>
> * * *
>
> The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is more limited in scope. *Kisil v. Sandusky*, 12 Ohio St.3d 30, 465 N.E.2d 848, 852 (1984). This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court. *Id*. at fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge

of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so. *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.,* 40 Ohio St.3d 257, 261, 533 N.E.2d 264, 267 (1988). *Henley* at 147.

{¶9} Thus, this court will only review the judgment of the trial court to determine whether the lower court abused its discretion in finding that the administrative order was supported by reliable, probative, and substantial evidence. *See Wolstein v. Pepper Pike City Council*, 156 Ohio App.3d 20, 2004-Ohio-361, 804 N.E.2d 75 (8th Dist.)

{¶10} C.C.O. 413.031 authorizes the use of an automated camera system to impose civil penalties on the owners of vehicles that have been photographed committing a red light violation or speeding violation. In July 2005, the city council enacted and the mayor approved C.C.O. 413.031, which is titled "Use of Automated Cameras to Impose Civil Penalties upon Red Light and Speeding Violators." C.C.O. 413.031(a) provides:

> Civil enforcement system established. The City of Cleveland hereby adopts a civil enforcement system for red light and speeding offenders photographed by means of an "automated traffic enforcement camera system" as defined in division (p.) This civil enforcement system imposes monetary liability on the owner of a vehicle for failure of an operator to stop at a traffic signal displaying a steady red light indication or for the failure of an operator to comply with a speed limitation.

{¶11} Under C.C.O. 413.031, the city will mail a notice of liability to the owner of a vehicle photographed by the automated traffic enforcement system for red light or speeding violations. A party who receives a notice of liability may contest the ticket by filing a notice of appeal within 21 days from the date listed on the ticket.

**Affirming Administrative Decision**

{¶12} In the first assigned error, Dawson argues the trial court abused its discretion in affirming the administrative decision, because the City failed to present competent evidence that the elements of C.C.O. 413.031 were proven by a preponderance of substantial, reliable, and probative evidence.

{¶13} Within this assigned error, Dawson argues the City was required to prove a number of mandatory elements before it could find him liable. Specifically, (1) the City was required to prove that his vehicle was operated at a speed in excess of the limitations set forth in C.C.O. §433.03, (2) that the placement of the automated cameras are based on sound professional traffic engineering and law enforcement judgments, (3) that the Director of Public Safety had notified the general public by means of a press release as to the locations of the automated cameras, (4) that the Director of Public Services had caused signs to be posted where an automated camera monitoring speed violators was located, (5) that the speeding citation had been reviewed by a Cleveland Police Officer, and (6) that the Notice of liability had been reviewed by the vendor of the automated traffic enforcement camera system.

{¶14} However, our review indicates that Dawson, who failed to appear at the administrative hearing, failed through counsel, to raise the above issue before the hearing examiner. As such, he has waived the issue on appeal. *See Posner v. Cleveland*, 8th Dist. Cuyahoga No. 95997, 2011-Ohio-3071.

{¶15} In the instant case, the hearing officer, relying on the notice of liability, set forth the basic facts of the violation in pertinent part as follows:

This is a speed on green, this is not a radar violation. There are loops buried in the pavement that triggers the camera. Yours is G003478329 on 6-17-12 at 3:56 p.m. Chester Ave. West bound at East 71st Street. This Toyota was doing 49 miles an hour in a 35 mile an hour zone. With a plate number 3124DT state department of motor vehicles indicated that he is the owner.

After setting forth the above, the following exchange took place between the hearing officer and Dawson's attorney:

| Hearing Officer: | You can go ahead and present your case. |
|---|---|
| Attorney: | You can present your case. |
| Hearing Officer: | Sir you want to present your case. I'm asking do you want to tell me what happen? Do you have a case? |
| Attorney: | I wasn't there I don't know. |
| Hearing Officer: | Okay then where is your party then? |
| Attorney: | He couldn't make it today. |
| Hearing Officer: | Okay then you want to reschedule until he can come? |
| Attorney: | No no no no I mean there is no evidence that [has] been presented that he's been speeding. Tr. 1. |

{¶16} Here, a review of the above excerpt and elsewhere in the record, reveals that Dawson, through counsel, failed to mount any factual challenges to the notice of liability, despite the hearing officer's offer to continue the hearing to allow Dawson to personally appear.

{¶17} Liability for a speeding offense under C.C.O. 413.031 arises "when a vehicle is operated at a speed in excess of the limitations set forth in [C.C.O.] 433.03." As such,

it is prima facie unlawful for a vehicle to exceed the posted speed limit.   C.C.O. 433.03(c) and (k).

{¶18} Consequently, absent any evidence or argument to the contrary, the trial court did not abuse its discretion in finding that the hearing officer's decision finding Dawson civilly liable for the speeding infraction was supported by a preponderance of substantial, reliable, and probative evidence.   Accordingly, we overrule the first assigned error.

## Lack of Subject Matter Jurisdiction

{¶19} In the second assigned error, Dawson argues that both the trial court and the PVB lacked subject matter jurisdiction to render a decision relative to the notice of liability.

{¶20} This argument is based on a perceived conflict between the duties exercised by the PVB in reviewing the notices of violation and affirming the issuance of civil fines for violations of traffic laws and the enabling legislation for such a body in R.C. 4521.04 and 4521.05.   However, this is a facial constitutional challenge of the ordinance establishing the duties of the PVB and is unsuitable for determination in an administrative appeal.   *Cleveland v. Cord*, 8th Dist. Cuyahoga No. 96312, 2011-Ohio-4262. Accordingly, we overrule the second assigned error.

## Accuracy of Speed Measuring Device

{¶21} In the third assigned error, Dawson argues the City presented no evidence that the measuring device was in proper working condition.

{¶22} However, Dawson did not attempt to introduce any evidence before the hearing officer that the automated camera system used was unreliable, not properly calibrated, unscientific, or inaccurate. As such, we find he has waived this challenge on appeal. *Cord*, 8th Dist. Cuyahoga No. 96312, 2011-Ohio-4262, ¶ 19. Absent any evidence or argument to the contrary, the trial court did not abuse its discretion in finding that the hearing officer's decision finding Dawson civilly liable for the speeding infraction was supported by a preponderance of substantial, reliable, and probative evidence. Accordingly, we overrule the third assigned error.

## Unconstitutionality

{¶23} In the fourth assigned error, mounting a facial constitutional challenge to the City's ordinance, Dawson argues that C.C.O. 413.031 is being unconstitutionally adjudicated by the PVB.

{¶24} However, Dawson is not permitted within a Chapter 2506 appeal to challenge the facial constitutionality of an ordinance. *See Davis v. Cleveland*, 8th Dist. Cuyahoga No. 99187, 2013-Ohio-2914, citing *Roy v. Cleveland Bd. of Zoning Appeals*, 145 Ohio App.3d 432, 437, 763 N.E.2d 240 (8th Dist.2001). "[T]he proper vehicle for challenging the constitutionality of an ordinance on its face is a declaratory judgment action." *Cappas & Karas Inv., Inc. v. Cleveland Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 85124, 2005-Ohio-2735, citing *Martin v. Independence Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 81340, 2003-Ohio-2736.

**{¶25}** Here, Dawson appealed from the order of the trial court that affirmed the decision of the PVB. Yet throughout Dawson's brief to the common pleas court and to this court, he argues that C.C.O. 413.031 was unconstitutional on its face. In an R.C. Chapter 2506 appeal, this is improper. *Grossman v. Cleveland Hts.*, 120 Ohio App.3d 435, 439-441, 698 N.E.2d 76 (8th Dist.1997). As such, the trial court properly rejected this argument. Accordingly, we overrule the fourth assigned error.

## Denial of R.C. 2506.03 Hearing

**{¶26}** In the fifth assigned error, Dawson argues the trial court erred and abused its discretion by denying the hearing required by R.C. 2506.03.

**{¶27}** With the trial court, Dawson's request for a hearing was made pursuant to R.C. 2506.03(A)(3) and (5) — the testimony was not given under oath and the hearing officer failed to file with the transcript conclusions of fact supporting the decision.

**{¶28}** R.C. 2506.03 provides, in pertinent part,

(A) The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

\* \* \*

(3) The testimony adduced was not given under oath.

\* \* \*

(5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision.

(B) If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to that party.

**{¶29}** Dawson argues that the trial court abused its discretion in denying him a hearing under R.C. 2506.03(B) because the hearing officer's "testimony" was not given under oath. *See* 2506.03(A)(3). First, we note that Dawson, through counsel, did not object to the hearing officer presenting the facts at the hearing. Further, the record shows that the hearing officer only read into the record the allegations contained in the notice of liability.

**{¶30}** Moreover, the record reflects that no other testimony was provided by the hearing officer, and Dawson does not identify what "testimony" was given by the hearing officer beyond the notice of liability. No witnesses testified, including Dawson, who did not appear at the hearing. As such, we find no merit in this argument.

**{¶31}** Dawson also argues that the trial court should have conducted a hearing pursuant to R.C. 2506.03(A)(5) because the hearing officer failed to file with the transcript any conclusions of facts supporting the decision. Dawson presents this court with no case authority supporting his argument, and a review of his motion with the trial court reveals the same.

**{¶32}** R.C. 2506.03(A)(5) does not require the conclusions of fact to take any specific form, and an administrative agency "is not required to file a separate document

entitled 'Conclusions of Fact.'" *Concerned Richfield Homeowners v. Planning & Zoning Comm.,* 9th Dist. Summit No. 25033, 2010-Ohio-4095, ¶ 10; *see also CBS Outdoor, Inc. v. Cleveland Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 98141, 2013-Ohio-1173, ¶ 37. "Instead, the trial court was required to look at the 'face of that transcript' to determine if the [hearing officer] failed to include its reasons in support of its final decision." *Id*. at ¶ 10, citing R.C. 2506.03(A).

{¶33} In the instant case, the trial court issued a written decision stating its reasons for denying Dawson's motion for an R.C. 2506.03 hearing. The court reasoned: "[a]fter reviewing the record and the parties' briefs, the court finds [the city] filed sufficient conclusions of fact with the administrative record and [Dawson] waived the right to argue that the hearing officer's testimony was not given under oath."

{¶34} "Obviously, parties should be informed of the reasons for decisions, and courts should have something to review." *Concerned Richfield Homeowners* at ¶ 11, quoting *Shelly Materials v. Daniels*, 2d Dist. Clark No. 2002-CA-13, 2003-Ohio-51, ¶ 23. However, Dawson fails to set forth any explanation why the "face of that transcript" does not inform him of the reasons for the hearing examiner's decision and the trial court with something to review, thus, not constituting conclusions of fact.

{¶35} Here, the transcript reveals that the trial court's decision was not in error. The hearing officer stated on the record the notice of liability, which is considered prima facie evidence. Although Dawson's counsel offered "Exhibit A" to be made part of the record, our review indicates that assigned errors contained therein are primarily constitutional

challenges to C.C.O. 433.031, and thus were insufficient to rebut the prima facie evidence.

**{¶36}** Consequently, we conclude the transcript contained sufficient facts and conclusions to enable the trial court to make a decision. Accordingly, we overrule the fifth assigned error.

**{¶37}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
SEAN C. GALLAGHER, P.J., CONCURS
IN JUDGMENT ONLY WITH ATTACHED
OPINION.

SEAN C. GALLAGHER, P.J., CONCURRING IN JUDGMENT ONLY:

**{¶38}** I concur in judgment only. In *Jodka v. Cleveland*, 8th Dist. Cuyahoga No. 99951, 2014-Ohio-208, this court held that

[b]ased upon the plain meaning of the words used in R.C. 1901.20(A)(1), in purporting to label moving violations as "parking infractions" so as to deprive the municipal court of jurisdiction over violations of "any ordinance," the procedure set forth in CCO 413.031(k) and (l) violates the Ohio Constitution.

*Id.* at ¶ 33. It is only because an appeal from an administrative decision is limited to facial constitutional challenges that I concur in judgment only with the majority opinion.